UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE SANTIAGO and JEAN SANTIAGO,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-5750 (JEI/JS)<br><br>**OPINION** |

**APPEARANCES:**

SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.
By:  Tracey C. Hinson, Esq.
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
    Counsel for Plaintiffs

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By:  Mark Orlowski, Assistant U.S. Attorney
402 East State Street
Trenton, NJ 08608
    Counsel for Defendants United States of America and United
    States Army Reserve

PARKER YOUNG & ANTINOFF, LLC
By:  Steven Antinoff, Esq.
733 Route 70 East, Suite 205
Marlton, NJ 08053
    Counsel for Defendant Richard W. Zamparelli

**IRENAS**, Senior District Judge:

   Plaintiffs Jose Santiago and Jean Santiago (collectively "Plaintiffs") initiated this action pursuant to the Federal Tort Claims Act ("FTCA") to recover for personal injuries suffered as

1

a result of a motor vehicle accident.[1]  Pending before the Court is a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) by Defendants United States of America ("United States") and United States Army Reserve ("Army Reserve").

**I.**

On April 10, 2008, Plaintiff Jose Santiago was injured in a motor vehicle accident on Route 206 in Bordentown, NJ.  The accident involved a motor vehicle operated by Plaintiff Jose Santiago, a vehicle operated by Defendant Richard Zamparelli, and a vehicle operated by Robert McDonald but owned by Defendant Army Reserve.[2]

On January 4, 2010, Plaintiff Jose Santiago filed an administrative claim with the Army Reserve.  On November 4, 2010, Planitiffs filed a Complaint in this Court.  An Amended Complaint was filed on January 28, 2011.  The Amended Complaint alleges that Defendants United States and Army Reserve were negligent in that McDonald, an employee of the Army Reserve, operated his motor vehicle in a negligent, careless and/or reckless manner.

---

[1] The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. § 1367.  Although Plaintiffs allege jurisdiction pursuant to 28 U.S.C. § 1332, there is not complete diversity between the parties.

[2] On August 2, 2011, this Court entered an Order substituting Defendant United States for McDonald and terminating McDonald as a Defendant in the action because McDonald was deemed to be acting within the scope of federal employment at the relevant time.

The Amended Complaint also includes allegations against Defendant Zamparelli of negligent, careless and/or reckless operation and maintenance of a motor vehicle allegedly causing Plaintiff Jose Santiago's injuries. Plaintiff Jean Santiago's claim arises from an alleged loss of services, companionship and consortium from the injuries allegedly sustained by Plaintiff Jose Santiago.

Defendants United States and Army Reserve filed the instant Partial Motion to Dismiss on August 3, 2011.

## II.

### A.

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for lack of subject matter jurisdiction. Rule 12(b)(1) motions may be based upon the complaint's face or its underlying facts. *Mortensen v. First Federal Savings & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).

"A facial attack questions the sufficiency of the pleading, and in reviewing a facial attack, a trial court accepts the allegations in the complaint as true." *Pittman v. Metuchen Police Dept.*, No. 08-2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009).

A factual attack permits the court to consider conflicting evidence that may bear on its jurisdiction. *Id.* "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional

3

claims." *Carpet Group Int'l v. Oriental Rug Importers Ass'n Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**B.**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document that forms the basis of a claim is one that is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.

#### A.

Moving Defendants argue that Plaintiffs' claims against the Army Reserve must be dismissed because the United States is the only proper party in an action pursuant to the FTCA.[3] (Br. at 6.) Plaintiffs do not oppose the dismissal of the Army Reserve from this action. (Pls' Opp. at 4.)

Because the United States is the only proper defendant in an action brought pursuant to the FTCA, *CNA v. U.S.*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), and a federal agency may not be sued in its own name, *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994), the Army Reserve, as an agency of the United States, is not a proper party to this action. Accordingly, moving Defendants' Motion to

---

[3] The FTCA provides a remedy for personal injuries suffered as a result of a negligent act or omission committed by "any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b).

Dismiss the Army Reserve from this action will be granted.

**B.**

Moving Defendants argue that Plaintiff Jean Santiago's loss of consortium claim asserted in Count Seven must be dismissed for lack of subject matter jurisdiction because she failed to meet the jurisdictional prerequisites to filing suit under the FTCA. (Br. at 8.)

Pursuant to the FTCA, the United States has given its consent to be sued in tort under limited circumstances. The FTCA's waiver of sovereign immunity is contingent on a plaintiff's compliance with the terms of the act. Prior to initiating an action for money damages, a plaintiff must present his claim in writing within two years of its accrual to the appropriate federal agency, and the claim must be denied. 28 U.S.C. §§ 2675(a), 2401(b); 28 C.F.R. § 14.2(a)("a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for . . . personal injury. . . alleged to have occurred by reason of the incident"). The requirement that an FTCA claim first be presented to a federal agency is jurisdictional and cannot be waived. *Bialowas v. U.S.*, 443 F.2d 1047, 1049 (3d Cir. 1971).

In order to exhaust administrative remedies and satisfy the jurisdictional requirement of 28 U.S.C. § 2675 with respect to a loss of consortium claim, a plaintiff must submit an independent

6

claim or join in her spouse's claim.[4] *See, e.g., Nazzaro v. U.S.*, 304 F.Supp. 2d 605, 622 (D.N.J. 2004)(dismissing wife's claim for loss of consortium because she did not file an administrative claim); *Dugan v. Coastal Industries, Inc.*, 96 F.Supp. 2d 481, 485 (E.D. Pa. 2000)(same); *Kieffer v. Vilk*, 8 F.Supp.2d 387, 396 n.10 (D.N.J. 1998)(dismissing husband's loss of services claim where husband failed to file administrative claim).

The Amended Complaint does not allege that Plaintiff Jean Santiago filed an administrative claim, and the files maintained by the United States Army Claims Service have no record of an administrative claim filed on behalf of Jean Santiago.  (*See* Ferguson Dec.)  Because Plaintiff Jean Santiago has not complied with the exhaustion requirement set forth in 28 U.S.C. § 2675, her claim must be dismissed for lack of subject matter jurisdiction.[5] Accordingly, moving Defendants' Motion will be granted with respect

---

[4] Under New Jersey law, although a loss of consortium claim is derivative of the injured spouse's personal injury cause of action, "it is also independent, as the damages which may be awarded to the spouse pursuant to the *per quod* claim are clearly different from the damages which may be awarded to the spouse suffering the direct injury." *Kibble v. Weeks Dredging & Construction Co.*, 161 N.J. 178, 190 (1999)(internal quotations and citations omitted).

[5] In reliance on *Milacci v. Mato Realty Co., Inc.*, 217 N.J. Super. 297 (1987), Plaintiffs argue that Jean Santiago was not required to file a separate notice of claim for her loss of consortium claim.  This argument is unavailing as *Milacci* relates to the New Jersey Tort Claims Act, N.J.S.A 59:8-3, et seq., not the FTCA.

7

to Jean Santiago's loss of consortium claim.[6]

### C.

Moving Defendants argue that the Sixth Count of the Amended Complaint should be dismissed because it merely contains factual allegations supporting Plaintiff Jose Santiago's negligence claim and does not state a claim on an alternative basis. (Br. at 14.) Plaintiffs do not oppose the dismissal of Count Six to the extent that it purports to assert a separate cause of action. (Pls' Opp. at 4.)

Because Count Six contains only factual allegations that the administrative claim attached to the Amended Complaint was filed with the Army Reserve, and it does not state an independent claim upon which relief may be granted, moving Defendants' Motion to Dismiss Count Six will be granted.

### IV.

For the reasons stated above, Defendants United States and Army Reserve's Partial Motion to Dismiss will be granted. The remaining claims in this action are as follows: Plaintiff Jose Santiago's negligence claims against Defendants United States,

---

[6] Although the instant Motion to Dismiss did not seek dismissal of Defendant Zamparelli's cross-claim for contribution, Defendant Zamparelli filed opposition to the Motion in which he argued that the FTCA's notice requirements do not apply to his cross-claim for contribution. Because the pending Motion seeks only to dismiss Plaintiff Jean Santiago's claim for loss of consortium, Defendant Zamparelli's cross-claim for contribution will not be dismissed. The Court also notes that, contrary to Defendant Zamparelli's assertion, Plaintiff Jean Santiago has not asserted her loss of consortium claim against him.

Zamparelli, John/Jane Doe, ABC Corporation, and XYZ Partnership; Plaintiff Jean Santiago's loss of consortium claim against Defendants John/Jane Doe, ABC Corporation, and XYZ Partnership; and Defendant Zamparelli's cross-claim for contribution against co-Defendants.  An appropriate Order accompanies this Opinion.

Dated: September 13, 2011

                                                                s/Joseph E. Irenas
                                          **JOSEPH E. IRENAS, S.U.S.D.J.**